IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHANIE HETZ, individually and as parent and natural guardian of Aaron Hetz, a minor, and TRAVIS HETZ, 2011 Green Gables Drive Ridgeley, WV 26753 | CIVIL ACTION – LAW |
| vs. | NO. 3:21-cv-27 |
| LORI MENGES individually and LORI MENGES DAYCARE 128 Grant Street Salisbury, PA 15558 | JURY TRIAL DEMANDED |

## COMPLAINT

The Plaintiffs, Bethanie Hetz and Travis Hetz, as their complaint against Defendants, Lori Menges and Lori Menges Daycare ("Defendants"), alleges as follows:

### I.   FACTS

1. Bethanie Hetz is an adult individual currently residing in and a citizen of West Virginia, specifically at 2011 Green Gables Drive, Ridgeley, West Virginia, 26753. At the time of this incident in question, she resided at, and was a citizen of Maryland living at 72 Mels Road, Frostburg, Maryland.

2. Bethanie Hetz and her husband, Travis Hetz, are the parents of Aaron Hetz, a minor, born on April 25, 2018.

3. Lori Menges is an adult individual, and a resident and citizen of Pennsylvania having a mailing address of 128 Grant Street, Salisbury, Bedford County, Pennsylvania, 15558.

4.   Lori Menges ("Menges") was the owner and proprietor of a Pennsylvania Company called Lori Menges Daycare (Daycare) also located at 128 Grant Street, Salisbury, Bedford County, Pennsylvania, 15558.

5.   Lori Menges Daycare was a licensed "child day care center", pursuant to 55 Pa. Code 3270.

6.   Prior to March 15, 2019, Plaintiffs Bethanie Hetz and Travis Hetz, placed their infant son, Aaron, into the care of the defendants.

7.   At all times material hereto, defendants were responsible for the safety and wellbeing of the children placed in their charge.

8.   On or about March 15, 2019, Aaron Hetz was in the care of defendant at the daycare. The infant was dropped off at the daycare by Plaintiff Bethanie Hetz at or about 8:00 a.m. that morning. At the time, Aaron Hetz was 10 months old.

9.   Defendant Menges or one of the employees of defendant Daycare placed the infant on the floor in the vicinity of older children.

10.  One of the older children kicked, stomped or otherwise jumped on or impacted the head of Aaron Hetz causing serious and severe injuries.

11.  At all times relevant hereto, the Daycare had three (3) employees on site including Lori Menges and her two (2) daughters. All three (3) acted as agents, servants and employees of the defendant Daycare and/or of Lori Menges.

12.  Lori Menges as owner of Lori Menges Daycare and Lori Menges Daycare are vicariously liable for the tortious actions of their agents, servants, and employees done in the scope of their duties.

13. The plaintiffs have suffered injuries and damages as set forth more specifically below.

## II. JURISDICTION

14. This Honorable Court has jurisdiction of this matter pursuant to 28 U.S. Code § 1332 – Diversity of Citizenship where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## III. COUNT I - NEGLIGENCE

**Bethanie Hetz, individually and as parent and natural guardian of Aaron Hetz, a minor and Travis Hetz vs. Lori Menges, individually and Lori Menges Daycare**

15. All prior paragraphs are incorporated herein as if set forth fully below.

16. The occurrence of the aforementioned incident and the resulting injuries to Aaron Hetz were caused directly and proximately by defendants' negligence and/or by the negligence of their agents, servants, workmen, or employees, acting in the scope of their authority and employment, generally and more specifically as set forth below:

    (a) In failing to properly and reasonably train their agents, servants, and employees;

    (b) In failing to properly and reasonable supervise their agents, servants, and employees;

    (c) In failing to exercise reasonable care by placing an infant on the floor in the vicinity of much older children;

    (d) In failing to exercise reasonable care by allowing much older children to be near an infant;

  (e) In failing to supervise the children under its care by allowing an older child to repeatedly impact the head of infant, Aaron Hetz;

  (f) In failing to immediately render medical assistance to Aaron Hetz;

  (g) In failing to immediately call 911 or other entities for medical assistance for Aaron Hetz;

  (h) In failing to properly supervise children, in violation of 55 Pa. Code § 3270.113;

  (i) In failing to properly supervise staff, faculty, and volunteers, in violation of 55 Pa. Code § 3270.31 et seq.; and,

  (j) In failing to take reasonable steps to prevent injury to the children under their supervision and care.

17. As a direct and proximate result of defendants' negligence, Aaron Hetz has suffered:

  (a) Acute head trauma;

  (b) Closed head injury;

  (c) Abrasions and contusions to the head, face and neck;

  (d) Other serious and sever injuries.

18. As a result of the aforementioned injuries, Aaron Hetz has sustained the following damages:

  (a) He has in the past and may continue to incur pain, suffering and inconvenience;

  (b) He has incurred in the past and may experience in the future, mental anguish; and,

    (c)    He may incur in the future, medical expenses.

19. As a result of the aforementioned injuries, Bethanie Hetz and Travis Hetz have sustained the following damages:

    (a)    They have incurred past, and may incur in the future, medical expenses;

    (b)    They have incurred in the past, and may incur in the future, economic, wage loss, and loss of earning capacity; and,

    (c)    They have incurred in the past and may experience in the future, mental anguish.

WHEREFORE, plaintiffs request this Honorable Court enter Judgment in their favor and against defendants in an appropriate amount and that plaintiffs' be awarded damages, attorney fees, costs, and other relief as permitted by the Court.

### COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**Bethanie Hetz vs. Lori Menges, individually and Lori Menges Daycare**

20. Paragraphs 1 through 19 are incorporated herein as if more fully set forth.

21. After the incident in question had occurred, plaintiff Bethanie Hetz was called on the phone by defendant Lori Menges and was told the infant had suffered injuries to his head and that Bethanie needed to come back to the daycare as soon as possible.

22. Plaintiff arrived back to the daycare within minutes of the phone call. Once back at the daycare, plaintiff realized that neither 911 nor police/EMS had been

called. She immediately demanded one of the employees call 911 while she attended to her son.

23. While waiting for 911 arrival, plaintiff's infant became unresponsive.

24. Plaintiff's infant was still unresponsive when 911 personnel arrived and had extensive bruising the entire length and width of his forehead, swelling to his left cheek extending to his left eye, and bruising to the bridge of his nose with blood.

25. Plaintiff Bethanie Hetz observed all of the above as it was happening causing extreme emotional distress with resultant depression, headaches, sleeplessness and other serious and severe consequences.

WHEREFORE, plaintiff requests this Honorable Court enter Judgment in her favor and against defendants in an appropriate amount and that plaintiff be awarded damages, attorney fees, costs, and other relief as permitted by the Court.

Respectfully submitted,

By: _____
Kevin R. Lomupo, Esquire
Attorney for Plaintiffs

GILARDI, OLIVER & LOMUPO
PA I.D. # 40996
The Benedum Trees Building
223 Fourth Avenue, 10th Floor
Pittsburgh, PA  15222
(412) 391-9770

Dated: _2-22-2021_____

## VERIFICATION

**Bethanie Hetz** says that **she** is the plaintiff in the foregoing action; that the attached Civil Action Complaint is based upon information which **she** has furnished to **her** counsel and information which has been gathered by **her** counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of plaintiff. Plaintiff has read the Complaint and to the extent that the Complaint is based upon information which **she** has given to **her** counsel, it is true and correct to the best of **her** knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, **she** has relied upon counsel in making this verification.

I understand that my statements are made subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

Date: 2-22-2021

x _Bethanie R. Hetz_
Bethanie Hetz