IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHANIE HETZ, individually and as parent and natural guardian of A.H., a minor, and TRAVIS HETZ,<br><br>    Plaintiffs,<br><br>v.<br><br>LORI MENGES, individually, and LORI MENGES DAYCARE,<br><br>    Defendants. | Civil No. 3:21-27<br>Judge Stephanie L. Haines |

## MEMORANDUM AND ORDER OF COURT

  This is a personal injury lawsuit brought by Bethanie Hetz and her husband, Travis Hetz, seeking damages for injuries sustained by their infant son, A.H., while he was in the care of Defendants Lori Menges and Lori Menges Daycare. Plaintiffs allege that A.H. was stomped/kicked by a two-year old at the daycare after a staff member left the room. Plaintiffs assert claims of negligent supervision, as well as a negligent delay in seeking medical attention. Plaintiff Bethanie Hetz also advances a claim for negligent infliction of emotional distress stemming from her allegations that A.H. became unresponsive in her arms while medical help was enroute. Defendants deny all allegations of negligence.

  Presently before the Court is Plaintiffs' third amended petition to settle a minor's claim and discontinue the action [Doc. 57]. Upon review of the petition, and upon due consideration of the relevant factors this Court is required to assess in reviewing a proposed settlement involving a minor, Plaintiffs' third amended petition to settle will be approved.

1

In considering petitions to approve compromise, settlement and distribution of a claim involving a minor, this Court must assess the following: (1) the sufficiency of the petition; (2) the fairness of the proposed settlement amount; and, (3) the reasonableness of the requested counsel fees. *Johnson v. Clearfield Area Sch. Dist.*, 319 F. Supp. 2d 583, 586 (W.D. Pa. 2004) (citing *Calvert v. General Acc. Ins. Co.*, 2000 WL 124570, at *5–6 (E.D. Pa Feb. 2, 2000)). In order to "assure that the minors' best interests are protected, the petition should include all relevant facts and the reasons why the minors' guardian believes the settlement is desirable and why it is in the minors' best interest to settle the action." *Id.* (quoting *Calvert*, 2000 WL 124570, at *5).

As to the first factor, the Court is satisfied that Plaintiffs' third amended petition is sufficient to enable the Court to assess the fairness of the parties' proposed settlement. Plaintiffs' previous two petitions were denied without prejudice [Docs. 52, 56] for failure to comply with the requirements of Local Civil Rule 17.1, which governs the compromise, settlement, discontinuance and dismissal of all actions in this district to which a minor is a party. Local Rule 17.1.B requires a petition for settlement of a minor's claim to include: "(1) a statement of the nature of the evidence relied on to show liability, (2) the elements of damage, (3) a statement of the services rendered by counsel, (4) the expenses incurred or to be incurred and (5) the amount of fees requested."

While the Court found that Plaintiffs' previous petitions lacked sufficient information to enable it to evaluate the fairness of the proposed settlement in order to assure that the minor's best interests are being protected, the identified deficiencies have been corrected to the Court's satisfaction. Plaintiffs' petition now includes the necessary information enumerated in Local Civil Rule 17.1.B, including a written statement of the minor's attending physician, Dr. Rosario Gonzaga, describing A.H.'s injuries, his treatment and his recovery [Doc. 57-3].

As to the second factor, the Court believes that the proposed settlement amount agreed to by the parties is fair in light of the evidence of potential liability, as well as the nature of A.H.'s injuries and the extent of his recovery as outlined in the statement of Dr. Gonzaga. The Court finds that a settlement in the proposed amount is desirable, and that it is in A.H.'s best interest to settle this action for the proposed amount.[1]

Finally, as to the third factor, in light of the services rendered by Plaintiffs' counsel in this case as detailed in the third amended petition to settle [Doc. 57], the Court is persuaded that counsel's requested fee for work performed on behalf of A.H. and his parents is reasonable, and thus will approve a fee payment to counsel in the amount of 1/3 of the proposed settlement amount, plus expenses.

Accordingly, the following order is entered:

### ORDER OF COURT

AND NOW, this 14th day of February, 2023, upon due consideration of Plaintiffs' third amended petition to settle a minor's claim and discontinue the action [Doc. 57], and, for the reasons set forth herein, the Court having found that settlement of this action in the proposed amount is in the best interest of minor A.H.; accordingly, pursuant to Local Civil Rule 17.1.A, IT IS ORDERED that Plaintiffs' third amended petition to settle a minor's claim and discontinue the action [Doc. 57] hereby is **approved**; and,

---

[1] The proposed settlement amount was set forth in Plaintiffs' initial petition to settle [Doc. 50]. At a status conference held on November 30, 2022, Defendants requested that the settlement amount be redacted, and Plaintiffs had no objection to keeping the proposed settlement amount confidential. Following the conference, the Court ordered that the initial petition containing the proposed settlement amount be removed from public view [Doc. 52].

3

IT FURTHER IS ORDERED that the settlement proceeds shall be distributed in the following manner:

- Payment of 1/3 of the total approved settlement amount to the law firm of Gilardi, Oliver & Lomupo.

- Payment of expenses and court costs to the law firm of Gilardi, Oliver & Lomupo in the amount of $769.20.

- Payment to Optum for a medical expenses lien in the amount of $9,319.83.

- The balance of the settlement amount following the above distributions shall be split equally between Bethanie Hetz and A.H., her minor son.

- The funds for A.H. shall be placed in a CD in a bank in West Virginia, and shall not be withdrawn by the minor until he reaches the age of majority, or by further order of court. Proof of deposit by Plaintiffs' counsel shall be made within thirty (30) days of entry of this Order; and,

IT FURTHER IS ORDERED that the Clerk of Court shall transfer this case to the Northern District of West Virginia for jurisdiction over the minor's funds until he reaches the age of majority.

*/s/ Stephanie L. Haines*
Stephanie L. Haines
United States District Judge